UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
LEO S. KUSHNER,                                         Chapter 7
    DEBTOR                                        Case No. 08-18168-WCH

_____

**MEMORANDUM OF DECISION**

I. INTRODUCTION

    The matter before the Court is Leo S. Kushner's (the "Debtor's") Second Amended Motion to Avoid Judicial Lien on Exempt Property Pursuant to 11 U.S.C. § 522(f)(1)(A) (the "Motion"). Through the Motion, the Debtor seeks to avoid a judicial lien (the "Lien") held by Shirley Fisher (the "Lienholder") on the Debtor's residence at 252 Draper Avenue, North Attleboro, Massachusetts (the "Property"). For the reasons set forth below, I will enter an order granting the Motion.

II. BACKGROUND

    The Debtor filed for Chapter 13 bankruptcy relief on October 28, 2008, and on the Debtor's motion, I converted the Debtor's case to Chapter 7 on November 10, 2008. On Schedule A – Real Property, the Debtor listed a one-half ownership interest in the Property with his nondebtor spouse, Kara Kushner, valued at $350,000. On Amended Schedule C – Property Claimed as Exempt, the Debtor electing the state exemptions under 11 U.S.C. § 522(b)(3), claimed an exemption in the Property in the amount of $350,000 pursuant to Mass. Gen. Laws ch. 188, § 1. On Schedule D – Creditors Holding Secured Claims, the Debtor disclosed the Lien, as well as a first mortgage held by Navigant Credit Union, in the amount of $322,610.80, and a

1

judicial lien held by Material Concrete Corporation, in the amount of $1,800.76.  On Schedule H – Codebtors, the Debtor listed Kara Kushner as also being liable on the Lien.

On February 19, 2009, the Debtor filed the Motion, seeking to avoid the Lien because it impairs the Debtor's exemption.  The Lienholder filed an objection on March 5, 2009 on the basis of fraud allegations, and the Debtor filed a response on March 6, 2009.  I held a hearing on March 18, 2009, and both the Debtor and the Lienholder appeared telephonically, raising arguments not articulated in their papers.  At the hearing's conclusion, I took the Motion under advisement.

III. POSITIONS OF THE PARTIES

The parties dispute the breadth of 11 U.S.C. § 522(f)(1)'s lien avoidance provision.  The Debtor argues that if the Lien were avoided, it is avoided in its entirety as to the whole of the Property, regardless of the Debtor's interest.  In opposition, the Lienholder maintains that the Lien is avoided only to the extent of the Debtor's interest in the Property.[1]

IV. DISCUSSION

A debtor's ability to avoid the fixing of a judicial lien derives from 11 U.S.C. § 522(f)(1), which provides, in relevant part, that:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5). . .[2]

---

[1] The Lienholder also objects on the grounds of fraud, which I find irrelevant to a motion under 11 U.S.C. § 522(f)(1).

[2] 11 U.S.C. § 522(f)(1)(A).

2

The formula to avoid a judicial lien is set forth in 11 U.S.C. § 522(f)(2)(A), which states:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[3]

Applying the formula to the facts of this case, it is apparent that the Lien impairs the Debtor's exemption. The issue, therefore, is whether, by impairing the Debtor's exemption, the Lien is avoided in its entirety or only to the extent of the Debtor's interest in the Property. A plain reading of 11 U.S.C. § 522(f)(1) indicates the latter. Because the extent of the Debtor's interest in the Property is not before me, I need go no further.

V. CONCLUSION

In light of the foregoing, I will enter an order granting the Motion, avoiding the Lien to the extent of the Debtor's interest in the Property.

_/s/ William C. Hillman_

———————————————
William C. Hillman
United States Bankruptcy Judge

Dated: April 27, 2009

---

[3] 11 U.S.C. § 522(f)(2)(A).